# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51081

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2015

Lyle W. Cayce
Clerk

JOEL PAUL BACH,

Plaintiff–Appellant,

versus

TEXAS STATE UNIVERSITY; MICHAEL THOMAS BLANDA;
BILLY C. COVINGTON, PH.D.,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-27

Before JONES, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Joel Bach sued his employer, Texas State University, for alleged violations of the Fair Labor Standards Act ("FLSA"). The district court dismissed the claim as barred by state sovereign immunity. Because Bach has failed to show waiver, we affirm.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51081

## I.

Bach was paid based on a forty-hour workweek but frequently had to work more hours. He was not compensated time-and-a-half for those hours despite repeated requests to the school. He sued, contending that the university had violated the FLSA by erroneously classifying him as exempt and failing to pay him overtime.[1]

The university moved to dismiss based on state sovereign immunity. The magistrate judge recommended dismissal because Bach had not shown a valid abrogation or waiver of state sovereign immunity. Bach's objection to the magistrate judge's report relied heavily on what Bach contended was the clear legislative history of the Texas provisions that adopted the FLSA's rules for calculating overtime, Texas Government Code Sections 659.015 and 659.016. The district court dismissed the case as barred by state sovereign immunity.

## II.

Bach challenges only the conclusion that Texas did not waive its sovereign immunity in adopting Sections 659.015 and 659.016 "We review de novo a district court's grant of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction because of state sovereign immunity." *Meyers ex rel. Bening v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005). Because the party asserting that the federal courts have jurisdiction has the burden of establishing it, Bach must show that Texas waived its immunity. *St. Tammany Parish, ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009).

## III.

The district court was presented with several theories as to why the

---

[1] After amending his complaint, Bach also asserted claims against his former supervisors under 42 U.S.C. § 1983. The dismissal of those claims is not challenged in this appeal.

No. 14-51081

university did not enjoy state sovereign immunity, including abrogation by Congress and acceptance of federal funds. The only theory Bach presses on appeal is that the legislative history of Sections 659.015 and 659.016 shows Texas waived immunity.

That contention is unavailing. "A statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *see also F.A.A. v. Cooper*, 132 S. Ct. 1441, 1448 (2012). The Court has consistently held that such a waiver must be in the text of a statute.[2] Even if Bach could find an unequivocal statement of waiver in the legislative history, he would need to show it the text of the statute.

The text and legislative history both lack an unequivocal waiver of immunity from private damages suits in federal court. The sole material provided by Bach is a bill analysis prepared by the Texas Senate to accompany the legislation that enacted the sections. The only relevant text merely tracks the language of Section 659.015, which states that, in determining whether an employee is entitled to overtime compensation, "federal law controls" when "this section and federal law prescribe a different rule for the same circumstance."[3] That falls far short of a "clear declaration by the State" that "unequivocally express[es]" its consent to suit. *Sossamon*, 131 S. Ct. at 1658. Bach has not shown waiver.

AFFIRMED.

---

[2] *See, e.g., Lane*, 518 U.S. at 192; *Cooper*, 132 S. Ct. at 1448; *Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008); *Sossamon v. Texas*, 131 S. Ct. 1651, 1658 (2011).

[3] Senate Comm. on Finance, Bill Analysis, Tex. S.B. 174, 76th Leg., R.S. (1999); *accord* TEX. GOV'T CODE ANN. § 659.015(b) (West).